UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATEHESHA FITCH, | ) |
| Plaintiff, | ) |
| | ) No. 1:23-CV-16945 |
| v. | ) |
| | ) Judge Edmond E. Chang |
| COOK COUNTY HEALTH AND HOSP. SYSTEM, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Latehesha Fitch alleges that the Cook County Health and Hospital System discriminated against her on the basis of religion, in violation of Title VII, 42 U.S.C § 2000e. R. 11, Am. Compl. ¶ 1.[1] She seeks the reinstatement of her previous job and payment of back wages, forward wages, punitive damages, and reasonable attorney's fees. *Id.* ¶ 22.

The Hospital moves to dismiss the complaint for failure to adequately state a claim. Fed. R. Civ. P. 12(b)(6); R. 12, Defs.' Mot. to Dismiss at 1. For the reasons discussed in this Opinion, the motion to dismiss is denied.[2]

**I. Background**

For purposes of this motion, the Court accepts Fitch's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In 2021, the Hospital announced a COVID-19 vaccination requirement policy that required each employee to be

---

[1] Citations to the record are noted as "R." followed by the docket number.

[2] This Court has original jurisdiction under 28 U.S.C § 1331 because the Complaint seeks damages and equitable relief under 42 U.S.C. § 2000e, a federal statute.

vaccinated unless they received a religious exemption. Am. Compl. ¶ 6. Fitch was employed by the Hospital as a Mental Health Specialist III. *Id.* ¶ 11. Due to her sincerely held religious beliefs, Fitch sought an exemption to the vaccination requirement. *Id.* ¶ 12. She alleges that, at the time, she cited to Christian scripture and stated that "people are the church" and "that a person's body should therefore be pure." *Id.* ¶ 12. She also cited several Bible verses, including Corinthians 6:19-20, which states that the body is a temple. *Id.*

The Hospital sent Fitch a letter in response to her exemption request expressing that they would not be able to accommodate her because she had previously taken the flu vaccine. *Id.* ¶ 13. Before Fitch responded, however, the Hospital changed gears and said that it would grant her an accommodation. *Id.* ¶ 14. Although the accommodation allowed her to apply for a telecommuting role at the Hospital (and not be subject to the vaccination requirement), she alleges that she faced several hurdles in actually taking advantage of the accommodation. *Id.* ¶¶ 15–17. In particular, Fitch alleges that the applicant pool for the positions was not limited to those seeking accommodations; she was not permitted to work while she was looking for a position; there were no positions available; and she was never in fact approved for any telecommuting position. *Id.* In contrast to her religious-based request, Fitch alleges that the Hospital offered an accommodation to an employee who sought an exception from the vaccination requirement based on non-religious factors. *Id.* ¶ 17. So Fitch filed this suit, claiming that the Hospital discriminated against her on the basis of religion,

2

in violation of 42 U.S.C § 2000e, seeking reinstatement, backpay, front pay, punitive damages, and attorneys' fees. *Id.* ¶¶ 18, 22.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

To adequately state a claim for religious discrimination under Title VII, an employee must allege that (1) the employee engaged in a religious observance or practice that conflicts with an employment requirement; (2) the employee called the religious observance or practice to the employer's attention; and (3) the religious observation or practice was the basis for the employee's discharge or other discriminatory treatment. *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013).

Here, the Hospital's primary argument is that Fitch has inadequately alleged that she refused vaccination based on her *religious* beliefs. Defs.' Mot. to Dismiss at 4–6. The Seventh Circuit recently explained how to assess whether an employee has adequately alleged that she acted on religious beliefs. *Bube v. Aspirus Hosp., Inc.*, 108 F.4th 1017, 1019 (7th Cir. 2024); *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1010 (7th Cir. 2024). In *Bube*, the Seventh Circuit pointed to "Title VII's broad definition of religion," citing the statutory definition. 108 F.4th at 1019 (citing 42 U.S.C. § 2000e(j)). Section 2000e(j) of Title VII indeed does use broad language to define religion:

> (j) The term "religion" includes *all* aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

4

42 U.S.C. § 2000e(j) (emphasis added). Based on this statutory definition, at the pleading stage, the employee must plausibly allege facts permitting an inference that some "aspect" of the accommodation request is based on the employee's "religious observations and practice" or "belief." *Bube*, 108 F.4th at 1019 (quoting § 2000e(j)). If an accommodation request can be read on its face as plausibly based even just in part of an aspect of the employee's religious belief or practice, that is enough to survive a motion to dismiss.

Here, Fitch's allegations readily refute the Hospital's argument that she inadequately pleaded the religious nature of her objection to the vaccination requirement (the first element of the cause of action). In framing her request to not be vaccinated, Fitch explicitly invoked reliance on her religious beliefs. She alleges that she refused to be vaccinated by citing "Christian scripture." Am. Compl. ¶ 12. Fitch specifically pointed to several Bible verses, including Corinthians 6:19–20, which says that "the body is the temple." *Id*. In refusing to vaccinate, Fitch also said that "people are the church" and "that a person's body should therefore be pure." *Id*. All of that reflect, she alleges, "her deeply held religious beliefs." *Id*.

The Hospital argues that Fitch failed to identify a religious tenet or practice that conflicts with the vaccination policy and that her "request falls short in terms of proximity to stating an objection based on sincerely held religious beliefs." R. 15, Def.'s Reply Br. at 4. But this argument does not gain much traction at the pleading stage. The Seventh Circuit has explained that scrutinizing the veracity and details of religious objections, especially at the pleading stage, "runs counter to not only the

5

broad language of Title VII but also the Supreme Court's repeated warnings that the law requires a hands-off approach when it comes to defining and discerning the core limits of religious exercise." *Bube*, 108 F. 4th at 1020. At this stage, then, Fitch does not need to allege anything further than what is set forth in the Amended Complaint. She need only allege facts supporting a plausible inference that "her refusal to be vaccinated for COVID was an 'aspect' of her 'religious observance' or 'practice' or 'belief,'" *Passarella*, 108 F. 4th at 1012. Here, Fitch has properly alleged that her religious beliefs prevented her from being vaccinated because, according to her, the vaccine would make her body impure. Am. Compl. ¶ 12. Whether the religious belief was sincerely held will be a subject of discovery.

On the second element of a religious-discrimination claims, Fitch must plausibly allege that she called the religious observance or practice to the employer's attention. The Hospital argues that Fitch did not sufficiently allege that it actually knew what her sincerely held religious beliefs were or how those beliefs were in conflict with the vaccination policy. Def.'s Mot. to Dismiss at 7. In responding to the request, however, the Hospital allegedly at first argued that "they would be unable to accommodate her because she had previously taken the flu vaccine." Am. Comp. ¶ 13. That response reasonably implies that the Hospital knew what the basis of the objection was—that is, it was based on religion—and instead was contending that Fitch did not sincerely hold that religious belief because she had previously taken the flu vaccine. Later, the Hospital even allegedly said that it would provide an accommodation to Fitch in the form of a telecommuting job. Am. Comp. ¶ 14. If the Hospital had no

6

knowledge of the religious basis for the objection, then the Hospital likely would not have offered an accommodation at all. Drawing all reasonable inferences in Fitch's favor, as required at the pleading stage, it is plausible that the Hospital was aware of the religious basis of Fitch's objection.

Finally, Fitch must plausibly allege that her religious observation or practice was the basis for her discharge or other discriminatory treatment. As explained above, Fitch sufficiently alleged that the Hospital refusal to actually implement the offered accommodation was due to her religious beliefs: specifically, the Hospital allegedly provided a telecommuting accommodation to an employee who had refused to vaccinate on *non*-religious grounds *Id.* ¶ 17. The details surrounding this proffered comparator will need to be developed in discovery, but at the pleading stage, this is sufficient. All in all, the Amended Complaint adequately states a claim for religious discrimination.

### IV. Conclusion

The Hospital's current motion to dismiss is denied. The propriety of adding a claim-preclusion argument is being briefed, so the status hearing of January 31, 2025 remains in place.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 16, 2025